[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
RE: MOTION TO DISMISS
The Florida Department of Citrus Citrus Commission and Daniel Santangelo, who are third-party defendants, move to dismiss the third-party complaint and the apportionment complaint on the ground that this court, as a matter of comity, should accord the third parties immunity. For the reasons stated below, the motion is denied.
Louise and Stephen Veroczi commenced this case by bringing CT Page 10417 suit against Big Y Foods, Inc. to recover compensation for personal injuries sustained by Mrs. Veroczi when she slipped and fell in a store operated by Big Y and to recover for a loss of consortium endured by Mr. Veroczi as a consequence of Mrs. Veroczi's injuries. The plaintiffs allege that Mrs. Veroczi caught her foot in a display stand. Defendant Big Y brought into this case, as third-party defendants, the Florida Department of Citrus Citrus Commission and Daniel Santangelo, its executive director. These defendants were impleaded pursuant to Practice Book § 117 and General Statutes § 52-102a. Big Y alleges that the third-party defendants designed, constructed and delivered to Big Y a display stand that contained a "toe trap." Big Y further alleges, interalia, that the display stand was improperly designed or was defective. Big Y seeks indemnification from the third-party defendants for any sum that Big Y may have to pay to the Veroczis. Big Y also filed an apportionment complaint wherein it seeks an assessment of responsibility against the Florida Department of Citrus Citrus Commission pursuant to General Statutes § 52-527h.
The third-party defendants move to dismiss the apportionment complaint and the third-party complaint on the ground that this court as a matter of comity and public policy should accord them immunity. For the purpose of litigating these motions, the third-party defendants assume the facts as alleged in the complaints to be true. A review of the allegations discloses that the third-party defendants were not engaged in "governmental acts" while participating in the Connecticut marketplace. This court's exercise of jurisdiction will not usurp the principles of sovereign immunity. See Nevada v. Hall, 440 U.S. 410, 99 S.Ct. 1182,59 L.Ed.2d 416, reh. denied, 441 U.S. 917, 99 Ct. 2018,60 L.Ed.2d 389 (1979); Dolnack v. Metro-North Commuter Railroad Co.,33 Conn. App. 832, 639 A.2d 530 (1994). The court also notes that the State of Connecticut may be sued when the claims commissioner waives immunity pursuant to General Statutes § 4-160 (a). It is not practicable to require a litigant in a Connecticut lawsuit to go to Florida to seek a similar waiver. Nor is such a waiver necessary since the third parties do not enjoy the same immunity in Connecticut as they enjoy in Florida.
The motions to dismiss are denied.
THIM, JUDGE CT Page 10418